IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 06 2010

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

| | |
|---|---|
| TAMEKA RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   4:10-CV-326 GTE |
| | ) |
| REGENT ASSET MANAGEMENT | ) |
| SOLUTIONS, INC., | )   This case assigned to District Judge Eisele |
| | )   and to Magistrate Judge Ray |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TAMEKA RILEY, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   TAMEKA RILEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Little Rock, County of Pulaski, State of Arkansas.

5. REGENT ASSET MANAGEMENT SOLUTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Colorado.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to U.S. Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. On or about October 27, 2009, Mr. Derek Brown, Defendant's duly authorized representative initiated a telephone call to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. During the aforementioned telephone conversation, Plaintiff informed Defendant that she disputed the validity of the debt.

12. Defendant told Plaintiff he had a document signed by the Vice President of U.S. Bank that stated Plaintiff allegedly owed a debt.

13. Upon information and belief, at the time Defendant made the aforementioned statement Defendant was not in possession of any document(s) signed by the Vice President of U.S. Bank regarding the debt owed by Plaintiff.

14. During the aforementioned telephone conversation, Defendant told Plaintiff that if she did not pay the debt she allegedly owed then Defendant would initiate a lawsuit against her. Defendant further stated that the aforementioned document from the Vice President of U.S. Bank would be sufficient to win a lawsuit against Plaintiff for the debt she allegedly owed.

15. On or about February 12, 2010, Defendant sent Plaintiff a correspondence in a further attempt to collect the debt allegedly owed by Plaintiff.

16. The aforesaid correspondence stated that Plaintiff allegedly owed a debt in addition to interest, attorney fees and collection costs that had accrued on the debt.

17. The aforesaid correspondence stated the interest, attorney fees and collections costs totaled in excess of twenty-four hundred dollars ($2,400.00).

18. The aforesaid correspondence stated that the agents or attorneys representing the claim against Plaintiff would continue to proceed with collection actions against Plaintiff. The correspondence also stated that Plaintiff could settle the debt she allegedly owed but that a settlement offer would not place a hold on any legal action being taken against her.

19. Upon information and belief, at the time the aforesaid letter was sent to Plaintiff no attorney had reviewed Plaintiff's account.

20. Upon information and belief, at the time the aforesaid letter was sent to Plaintiff no attorney had initiated collection activities against Plaintiff.

21. Upon information and belief, at the time the aforesaid letter was sent to Plaintiff no attorney had initiated legal action against Plaintiff.

22. The aforementioned correspondence contained threats of impending legal action to collect on the debt allegedly owed by Plaintiff.

23. The debt on which Defendant is attempting to collect is more than five (5) years old.

24. The statute of limitations for written contracts in Arkansas is five (5) years.

25. To date, Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

26. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. In its attempts to collect the debt allegedly owed by Plaintiff to U.S. Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TAMEKA RILEY, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
TAMEKA RILEY

By: _____
David M. Marco
Attorney for Plaintiff

Dated: May 3, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:        dmarco@smithlaw.us